UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SHAWN FEATHERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ORLANDO KNOX,<br><br>　　　　Defendant. | No. 2:20-cv-00370-CKD<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

I.      **Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II.     **Allegations in the Complaint**

At all times relevant to the allegations in the complaint, plaintiff was an inmate at the California Medical Facility in Vacaville. On August 14, 2019, plaintiff approached his work

supervisor, Orlando Knox, and asked about receiving a raise. ECF No. 1 at 3. Defendant Knox responded by telling plaintiff that he was not going to give any Black inmates a raise in their pay. Id. Plaintiff alleges that defendant's failure to authorize a pay raise based solely on his race violates the Equal Protection Clause of the Fourteenth Amendment. Id. Based on these same facts, plaintiff also alleges a violation of the Rehabilitation Act. ECF No. 1 at 4. By way of relief, plaintiff seeks compensatory and punitive damages.

### III.     Legal Standards

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). It applies both inside and outside of prison walls. Lee v. Washington, 390 U.S. 333, 333 (1968). To state a claim, plaintiff must show that defendant intentionally discriminated against him based on his membership in a protected class. Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). An individual's race is a protected class for purposes of the Equal Protection Clause. See Yick Wo v. Hopkins, 118 U.S. 356, 369 (1886) (emphasizing that the due process and equal protection clauses of the Fourteenth Amendment "are universal in their application, to all persons within the territorial jurisdiction, without regard to any differences of race, of color, or of nationality…."); see also Johnson v. California, 125 S. Ct. 1141 (2005) (concluding that strict scrutiny standard of review applies to an equal protection challenge to a prison regulation based on race).

Section 504 of the Rehabilitation Act ("RA") prohibits discrimination on the basis of one's disability. Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Lovell, 303 F.3d at 1052.

### IV. Analysis

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a potentially cognizable Fourteenth Amendment Equal Protection claim against defendant Knox. However, plaintiff has not stated a claim for relief under the Rehabilitation Act because there are no facts demonstrating intentional discrimination by reason of his disability which excluded him from participation in any program or activity that was federally funded. As a result, the Rehabilitation Act claim alleged in count two is dismissed with leave to amend.

Plaintiff may elect to proceed on the Fourteenth Amendment Equal Protection claim against defendant Knox; or, in the alternative, he may elect to amend his complaint to attempt to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). If plaintiff chooses to proceed on the claim found cognizable in this screening order, the court will construe this as a request to voluntarily dismiss the remaining claim against defendant Knox pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

1  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

2  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

3  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

4      **V.**       **Plain Language Summary for Pro Se Party**

5      The following information is meant to explain this order in plain English and is not

6  intended as legal advice.

7      Some of the allegations in the complaint state claims for relief against the defendant, and

8  some do not.  You may choose to file an amended complaint to try to fix these problems.  You

9  must decide if you want to (1) proceed immediately on the Fourteenth Amendment Equal

10 Protection claim against defendant Knox; or, (2) try to amend the complaint to fix the problems

11 identified in this order with respect to the other claim.  Once you decide, you must complete the

12 attached Notice of Election form by checking only one of the appropriate boxes and return it to

13 the court.

14     Once the court receives the Notice of Election, it will issue an order telling you what you

15 need to do next (i.e. file an amended complaint or wait for the defendants to be served with a

16 copy of the complaint).  If you do not return this Notice, the court will order service of the

17 complaint only on the claim found cognizable in this screening order and will recommend

18 dismissing the remaining claim with prejudice.

19     In accordance with the above, IT IS HEREBY ORDERED that:

20     1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

21     2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

22 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

23 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

24 California Department of Corrections and Rehabilitation filed concurrently herewith.

25     3. Plaintiff has the option to proceed immediately on the Fourteenth Amendment Equal

26 Protection claim against defendant Knox or plaintiff may choose to amend the complaint to fix

27 the deficiencies identified in this order with respect to the remaining claim.

28     4. Within 21 days from the date of this order, plaintiff shall complete and return the

Case 2:20-cv-00370-CKD   Document 10   Filed 06/15/20   Page 6 of 7

attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a first amended complaint.

    5. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claim with prejudice and proceed only on the cognizable claim identified above.

Dated: June 15, 2020

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/feat0370.option.docx

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SHAWN FEATHERS,<br><br>                    Plaintiff,<br><br>     v.<br><br>ORLANDO KNOX,<br><br>                    Defendant. | No.  2:20-cv-00370-CKD<br><br>NOTICE OF ELECTION |

**Check only one option:**

_____  Plaintiff wants to proceed immediately on the Fourteenth Amendment Equal Protection claim against defendant Knox.  Plaintiff voluntarily dismisses the remaining claim; or,

_____  Plaintiff wants time to file a first amended complaint.

DATED:

                                                                                                          _____
                                                                                                                   Plaintiff
_____

1